IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD I. PENNINGTON,

      Petitioner,

  vs.                      CIVIL ACTION
                            No. 11-3086-SAC

STATE OF KANSAS, et al.,

      Respondents.

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

**Background**

Petitioner was convicted in the District Court of Sedgwick County, Kansas. The convictions were affirmed on appeal by the Kansas Court of Appeals on December 17, 2004. The Kansas Supreme Court denied review on April 28, 2006, and the mandate issued on May 22, 2006. The conviction became final for habeas purposes ninety days later, at the conclusion of the ninety-day period in which petitioner could seek review in the United States Supreme Court.

On December 14, 2006, petitioner filed a state post-

conviction action pursuant to K.S.A. 60-1507. Relief was denied on September 21, 2007. The Kansas Court of Appeals affirmed that decision on June 19, 2009, and the Kansas Supreme Court denied review on May 19, 2010. Petitioner executed the present petition on April 18, 2011.

### Discussion

*Motion for appointment of counsel*

Petitioner moves for the appointment of counsel (Doc. 3). There is no constitutional right to the appointment of counsel in a federal habeas corpus action. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). *See also* 18 U.S.C. § 3006A(a)(2)(B)(the court may appoint counsel in action under § 2254 where "the interests of justice so require").

In deciding whether to appoint counsel in a civil action, the court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

Having examined the petition, the court finds the

appointment of counsel is not warranted in this action. Petitioner is able to present his claims, and the matter does not appear to be unusually complex. Accordingly, the motion for appointment of counsel is denied.

*Statutory limitation period*

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, a one-year limitation period applies to an application for habeas corpus filed by a person in state custody. 28 U.S.C. § 2244(d)(1). This limitation period ordinarily begins to run on the date the state court judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The limitation period is suspended, or tolled, while a "properly filed" state post-conviction proceeding is pending in the state courts. 28 U.S.C. §2244(d)(2).

Having considered the application of these statutory provisions to the petition, the court is considering the dismissal of this matter as untimely.

First, petitioner's conviction became timely upon the expiration of the 90 day time period for seeking review in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, the limitation period began to run in mid-August 2006 and was tolled by the filing of the state post-conviction action on December 14, 2006, approximately

3

four months later. At this point, just over eight months remained on the limitation period.

The limitation period remained tolled until May 19, 2010, when the state action was terminated in the Kansas Supreme Court. The limitation period began to run again on May 20, 2010, and expired eight months later, in January 2011. Because petitioner did not execute the present petition until April 18, 2011, he failed to commence this matter within the one year limitation period.

*Equitable tolling*

The one year limitation period in 28 U.S.C. §2244(d) is subject to equitable tolling. *Holland v. Florida,* --- U.S. ---- 130 S.Ct. 2549, 2560, 2562 (2010); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). Such equitable tolling excuses the failure to timely present a habeas corpus action, but it applies only in "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). A petitioner is entitled to equitable tolling only upon a showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

To assure the proper resolution of this matter, the court

4

will allow petitioner an opportunity to show cause why this matter should not be dismissed due to his failure to timely present his application for habeas corpus.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including July 15, 2011, to show cause why this matter should not be dismissed due to petitioner's failure to commence it within the one year limitation period. The failure to file a response may result in the dismissal of this matter without additional prior notice to the petitioner.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 15th day of June, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge