IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD I. PENNINGTON,**

        Petitioner,

                                CIVIL ACTION
    vs.                        No. 11-3086-SAC

**STATE OF KANSAS, et al.,**

        Respondents.


MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and in forma pauperis. By its order of June 15, 2011 (Doc. 4), the court directed petitioner to show cause why this matter should not be dismissed due to his failure to commence it within the one-year limitation period provided by 28 U.S.C. § 2244(d).

Petitioner filed a timely response (Doc. 5).

**Background**

Petitioner's convictions were affirmed by the Kansas Court of Appeals on December 17, 2004. The Kansas Supreme Court denied review on April, 28, 2006, and the mandate issued on May 22, 2006. The conviction became final ninety days later, on August 23, 2006, upon the expiration of the time in which

petitioner could seek additional review from the United States Supreme Court.

The statute of limitations began to run and was tolled 112 days later, when, on December 14, 2006, petitioner filed a post-conviction action pursuant to K.S.A. 60-1507. At that time, 253 days remained on the limitation period.

The state district court denied relief on September 21, 2007. The Kansas Court of Appeals affirmed the decision on June 19, 2009, and the petition for review was denied on May 19, 2010. The limitation period began to run on May 20, 2010, and expired on January 27, 2011.

Petitioner executed the habeas petition on April 18, 2011, beyond the limitation period.

## Discussion

The statute of limitations for a petition filed pursuant to § 2254 is set out in 28 U.S.C. §2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by

such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner states he failed to timely file the petition because he received incorrect information from his appellate counsel. Specifically, he states he understood from conversations and correspondence with his attorney that:

> "...both the State and Federal statute of limitation was one year from the last course of action in the case. Meaning petitioner had one year from the Kansas Supreme Court ruling on April 28, 2006, to file the K.S.A. 60-1507 petition. And that once the K.S.A. 60-1507 matter was rule on, on appeal, which was May 19, 2010, petitioner had one year to May 19, 2011, to file under 28 U.S.C. 2254 in Federal Court." (Doc. 5, p. 2.)

A review of the correspondence sent to petitioner by his attorney shows the following:

> On April 13, 2005, counsel wrote, in relevant part:
> "With regard to the Federal statute of limitations you should bear in mind that it will not start to run until the mandates issues in your case. The mandate cannot issue until the Kansas Supreme Court either denies review or accepts review and decides the case. At that pont, the one year starts to run, as well as the one year statute of limitations on your 60-1507. The filing of a 1507 petition will toll the running of the federal statute of limitations." Doc. 5, Ex. B.
>
> On April 20, 2005, counsel wrote, in relevant part:
> "Yes, filing your 60-1507 Petition will stop the time from running on any potential federal habeas action you intend to file." Doc. 5, Attach. p. 3.
>
> On January 19, 2006, counsel wrote, in relevant part:
> "If the Kansas Supreme Court rules against you I do not believe an appeal to the United States Supreme Court would be the appropriate course of action....Your next step should probably be a K.S.A. 60-1507 petition...." Doc. 5, Ex. A.

Properly-filed state post-conviction actions "pause[ ]-but [do] not reset-the limitations clock." *Castillo v. Williams,* 2001 WL 811696 (10th Cir. July 17, 2001) (unpublished). Thus, while the limitation period was tolled during the time petitioner's action under K.S.A. 60-1507 was pending, the time remaining on the limitation period was 253 days, and not one year.

The limitation period also is subject to equitable tolling. Such tolling is available only in narrow circumstances "when an inmate diligently pursues his claims and demonstrates that the

4

failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Here, the court finds no basis for equitable tolling. It appears petitioner's counsel provided him with accurate information, although petitioner misunderstood the operation of the limitation period. Because ignorance of the law generally does not excuse a party's failure to timely file an action, *see Marsh*, 223 F.3d at 1220, the court concludes petitioner is not entitled to equitable tolling and this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 27th day of July, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

5